# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
September 22, 2010

No. 10-10244
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

TOMAS RAMIREZ-HERNANDEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:09-CR-72-1

Before GARWOOD, OWEN, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Tomas Ramirez-Hernandez appeals the sentence imposed in March 2010 following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He argues that the 70-month sentence imposed (followed by three years' supervised release), an upward variance from the recommended guidelines range of 10 to 16 months, is substantively unreasonable. Where the appellant has preserved error, sentences, whether inside or outside the advisory guidelines range, are reviewed under an abuse of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). While it may be questionable whether Ramirez-Hernandez properly preserved error on the specific objections raised on appeal, assuming *arguendo* that his umbrella objection to the sentence's asserted substantive unreasonableness was sufficient to preserve error, we apply the abuse of discretion standard.

Ramirez-Hernandez argues that the district court failed to consider that his early criminal history was related to his drug addiction and that he had a "change in lifestyle" since contracting HIV and overcoming his drug addiction. He states that he has not committed a crime other than illegal reentry since 1994. He notes that although he has six prior deportations, three of those resulted from illegal reentry convictions that were already counted by the presentence report. He also notes that five of the six deportations took place before 1995 and that he has only reentered the country twice since 1995, most recently in June 2008.

While using the Sentencing Guidelines range as "the starting point and initial benchmark" for sentencing, the district court has the discretion to select a non-Guideline sentence after considering the sentencing factors set out in 18 U.S.C. § 3553(a). *Gall v. United States*, 552 U.S. 38, 51 (2007). In selecting a non-Guideline sentence, the district court may, in its discretion, give additional weight to factors already included in calculating the advisory Guidelines range, "since to do otherwise would essentially render the Guidelines mandatory." *United States v. Williams*, 517 F.3d 801, 809 (5th Cir. 2008). On review for abuse of discretion, "[a] non-Guideline sentence unreasonably fails to reflect the statutory sentencing factors where it (1) does not account for a factor that should have received significant weight, (2) gives significant weight to an irrelevant or improper factor, or (3) represents a clear error of judgment in balancing the sentencing factors." *United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). The district court's oral and written reasons reflect that the court considered the Guidelines and the 18 U.S.C. § 3553(a) factors, including the nature and

circumstances of the offense of conviction, Ramirez-Hernandez's history and characteristics, the need to promote respect for the law, the need for the sentence to provide adequate deterrence, and the need to protect the public from further criminal conduct. While Ramirez-Hernandez argues that his criminal history was given improper weight in light of his lifestyle changes since contracting HIV, it is clear that even within the "criminal history" factor, the district court was also concerned by Ramirez-Hernandez's multiple convictions for illegal entry, which continued despite his lifestyle change. Furthermore, the district court relied heavily on the factors of providing deterrence and promoting respect for the law in reaching its sentence determination, particularly emphasizing the fact that Ramirez-Hernandez's prior (September 1999) 70-month sentence for illegal reentry did not deter him from again illegally reentering the country.

While the 70-month sentence is significantly greater than the advisory Guidelines range of 10-16 months in this case, a mathematical calculation of percentage deviation does not dictate the substantive reasonableness of a sentence. *United States v. Key*, 599 F.3d 469, 476 n.1 (5th Cir. 2010) Instead, the sentencing court "must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *Gall*, 552 U.S. at 50. The extent of the variance in this case is sufficiently supported in the record, particularly in light of Ramirez-Hernandez's prior 70-month sentence for illegal reentry.

In sum, the district court did not abuse its discretion. The sentence imposed "was reasonable under the totality of the relevant statutory factors." *United States v. Brantley*, 537 F.3d 347, 349 (5th Cir. 2008); *see also United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008). Ramirez-Hernandez's sentence is

AFFIRMED.